UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LA'SHAN OMAR MATHIS, | |
| Plaintiff, | Civ. No. 16-5877 (KM) (JBC) |
| v. | |
| JUDGE RANDAL C. CHIOCCA, et al., | OPINION |
| Defendants. | |

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

The plaintiff, La'Shan Omar Mathis, is a state prisoner currently incarcerated at the Northern State Prison in Newark, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed without prejudice on Mr. Mathis's federal claims. The Court will decline to exercise supplemental jurisdiction over any state law claims that are included in the complaint.

### II. BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening Opinion. The complaint names two defendants: (1) Judge Randal C. Chiocca; and (2) Victoria Petivan, M.D.

Mr. Mathis states that he was arrested in 2013 on robbery charges. Judge Chiocca is a judge on the New Jersey Superior Court, Passaic County. According to Mr. Mathis, Judge Chiocca ordered him to go to the Trenton Psychiatric Hospital on March 20, 2014. Dr. Petivan is a doctor at the Trenton Psychiatric Hospital. According to Mr. Mathis, she "did not know [him] at all and said that [he] was lying, faking to have a mental illness and sent [him] back to jail after all the doctors in the past said [he] was going home." (Dkt. No. 1 at p. 4)

Mr. Mathis requests that he be sent home or to the Trenton Psychiatric Hospital. He states that he suffers from depression, is bipolar, and has schizophrenia disorder. Mr. Mathis also requests monetary damages from the defendants.

### III. LEGAL STANDARDS

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F.

App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### IV. DISCUSSION

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

A. <u>Judge Randal C. Chiocca</u>

Mr. Mathis seeks monetary damages and injunctive relief against Judge Chiocca for ordering him to go to the Trenton Psychiatric Hospital.

A judicial officer has immunity in the performance of his duties. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). The immunity is absolute and cannot be overcome by allegations of bad faith or malice. *See id.* There are two exceptions: (1) for non-judicial actions, not taken in the judge's official capacity; and (2) for actions which, although judicial in nature, were taken in the complete absence of jurisdiction. *See id.* at 11–12. Whether an act is judicial relates "to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman,* 435 U.S. 349, 362 (1978); *see also Gallas v. Supreme Court of Pa.,* 211 F.3d 760, 768 (3d Cir.2000) (citations omitted).

Mr. Mathis's allegations, which center on a judicial order, clearly relate to Judge Chiocca's performance of his duties. Accordingly, Mr. Mathis's monetary damage claim against Judge Chiocca will be dismissed, based on absolute judicial immunity

Mr. Mathis also requests injunctive relief against Judge Chiocca. However, as the United States Court of Appeals for the Third Circuit has explained:

> In 1996, Congress amended 42 U.S.C. § 1983 to provide that "injunctive relief shall not be granted" in an action brought against

4

> "a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (explaining that the amendment applies to both state and federal judges); *see also Mullis v. United States Bankr. Court for the Dist. of Nev.*, 828 F.2d 1385 (9th Cir. 1987); *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433 n. 5, 113 S. Ct. 2167, 124 L. Ed. 2d 391 (1993) (noting that the rules regarding judicial immunity do not distinguish between lawsuits brought against state officials and those brought against federal officials).

*Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006). Because Mr. Mathis has not alleged that a declaratory decree was violated or that declaratory relief is unavailable, and because the injunctive relief sought by Mr. Mathis does not address the actions of Judge Chiocca other than in his judicial capacity, his claim for injunctive relief is barred.

This dismissal of claims against Judge Chiocca is without prejudice to the submission, within 30 days, of an amended complaint that remedies the deficiencies identified above.

B. <u>Victoria Petivan, M.D.</u>

Mr. Mathis also names Dr. Petivan as a defendant. Mr. Mathis disagrees with her medical diagnosis with respect to his mental health, which resulted in his being returned from the Trenton Psychiatric Hospital to prison. Mr. Mathis alleges that his psychiatric condition requires that he remain in a hospital, not in prison.

The federal theory that best fits Mr. Mathis's claims against Dr. Petivan would be a violation of Eighth Amendment rights.

> For the delay or denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Deliberate indifference requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837

5

> (1994)). We have found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a nonmedical reason; or (3) prevents a prisoner from receiving needed or recommended treatment." *Rouse*, 182 F.3d at 197. Deference is given to prison medical authorities in the diagnosis and treatment of patients, and courts "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment... (which) remains a question of sound professional judgment." *Inmates of Allegheny Cnty. Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979) (quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)). Allegations of negligent treatment or medical malpractice do not trigger constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

*Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013). Deliberate indifference can also be found "where the prison official persists in a course of treatment in the face of resultant pain and risk of permanent injury." *See McCluskey v. Vincent*, 505 F. App'x 199, 202 (3d Cir. 2012) (internal quotation marks and citation omitted). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

Mr. Mathis's allegations amount to a disagreement with Dr. Petivan's medical diagnosis of his mental health. A contested diagnosis, or even a negligent diagnosis, does not constitute deliberate indifference to serious medical needs. *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 115 (3d Cir. 2013) (stating that complaint that alleges physician was negligent in diagnosing and treating a medical condition does not state a valid claim of medical mistreatment and that mere disagreement as to proper medical treatment does not support a claim of inadequate medical mistreatment to support a constitutional claim); *Smith v. O'Boyle*, 251 F. App'x 87, 90 (3d Cir. 2007) ("Because a disagreement as to the proper medical treatment for a prisoner is insufficient

6

to establish an Eighth Amendment violation, the District Court properly dismissed Smith's complaint.") (citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)). At most, Mr. Mathis' allegations only rise to the level of medical malpractice, which is insufficient to state an Eighth Amendment deliberate indifference to a serious medical need claim. *See Spruill*, 372 F.3d at 235 ("Allegations of medical malpractice are not sufficient to establish a constitutional violation.").

The complaint does not plausibly allege facts that would support a claim of deliberate indifference. Therefore, Mr. Mathis's federal claims against Dr. Petivan will also be dismissed without prejudice to the submission, within 30 days, of an amended complaint that remedies these deficiencies.

C. State Law Claims

It is not clear whether Mr. Mathis is also attempting to raise state law claims against the two defendants. Assuming he is, I do not reach them. I have dismissed all federal claims, and diversity of citizenship is not alleged. *See* 28 U.S.C. §§ 1331, 1332. The only potential basis for this court's subject matter jurisdiction over Mr. Mathis's state law claims would be supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Because this case is in the earliest stages and no federal claims remain, I will exercise my discretion to decline supplemental jurisdiction over any state law claims that may have been intended. *See id.* § 1367(c)(3).

V. CONCLUSION

For the foregoing reasons, Mr. Mathis's federal claims against Judge Chiocca and Dr. Petivan are dismissed without prejudice. This Court declines to exercise supplemental jurisdiction over any state law claims. Mr. Mathis shall be given thirty days in which to submit a

proposed amended complaint that corrects the deficiencies of his claims, if he wishes to do so. An appropriate order will be entered.

DATED: January 3, 2017

_____
KEVIN MCNULTY
United States District Judge